NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010[*]
Decided October 29, 2010

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2113

|  |  |
|---|---|
| JAMES A. KOORSEN, JR.,<br>*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:10-cv-151-WTL-DML |
| DARIN DOLEHANTY,<br>*Defendant-Appellee*. | William T. Lawrence,<br>*Judge*. |

**O R D E R**

James Koorsen, Jr., brought this civil-rights action under 42 U.S.C. § 1983 after the State of Indiana charged him with a crime. In his amended complaint he claims that the trial judge, the only named defendant, is prejudiced as evidenced by several unfavorable rulings. Koorsen wants the prosecution enjoined plus money damages from the judge. The district court screened Koorsen's complaint prior to service, *see* 28 U.S.C. § 1915(e)(2)(B);

---

[*] Appellee Darin Dolehanty was never served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 819 (7th Cir. 2009), and concluded that it fails to state a claim. Yet the court dismissed the complaint without prejudice. We agree that dismissal was appropriate but conclude that it should have been with prejudice.

Koorsen has no way around the doctrine of absolute judicial immunity, which shields judges from suits for money damages based on actions taken as a judge, including judicial rulings. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Smith v. City of Hammond*, 388 F.3d 304, 306-07 (7th Cir. 2004). Koorsen's accusations arise from decisions made during his criminal proceeding—that is, from conduct of a judicial nature—so his claim for damages is self-defeating. Likewise with his request for an injunction to stop his criminal trial. With exceptions not applicable here, a federal court may not grant injunctive relief in a suit brought against a judge for acts taken in his judicial capacity. *See* Federal Courts Improvement Act of 1996, Pub. L. 104-317, § 309(c), 110 Stat. 3847, 3853 (amending 42 U.S.C. § 1983); *Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004). Because neither avenue of relief is available to Koorsen, his suit was properly dismissed. A dismissal on these grounds, however, is a decision on the merits and should have been with prejudice. *See Dawson v. Newman*, 419 F.3d 656, 659-62 (7th Cir. 2005); *Smith*, 388 F.3d at 307-308.

The dismissal is MODIFIED to be with prejudice and, as modified, is AFFIRMED.